IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOB JAMBOIS,

                Plaintiff,              OPINION AND ORDER

v.

                                       17-cv-156-wmc

ISMAEL OZANNE, COREY STEPHAN,
MATT MOESER, and MARY ELLEN KARST
(in their individual capacities),

                Defendants.

In advance of the final pretrial conference scheduled for September 11, 2018, the court issues the following opinion and order on the parties' motions in limine.

OPINION

I. Plaintiff's Motions in Limine (dkt. #129)

A. References to plaintiff's alleged performance deficiencies not addressed in performance review, letter of expectations, notice of investigatory review, or investigatory review.

Plaintiff contends that any allegations of performance deficiencies should be excluded under Rules 402 and 403 if they were not addressed in his performance review, the letter of expectations, notice of investigatory review, or investigatory review. He anticipates that defendants will elicit testimony about a range of minor allegations, including inappropriate behavior with child victims and disrespectful interactions with the police. He argues such testimony would be irrelevant and overly prejudicial.

More specifically, plaintiff argues defendants did not really hold concerns about his treatment of child victims, or else they would have mentioned it during the supervisory

process.  Accordingly, plaintiff argues that the relevance of this concern to whether retaliation occurred, if any, is far outweighed by the potential prejudice of its introduction to the jury.  He makes similar arguments regarding his interactions with the police.  Plaintiff finally argues that it would be difficult for the jury to distinguish between alleged performance issues which actually had been raised in the course of his employment and those only raised during the course of this litigation.

Defendants argue plaintiff's treatment of child victims was concerning to them *before* his campaign to replace the current district attorney, with Karst testifying that they had already stopped assigning Jambois such cases because of their concerns (dkt. #60 at 82:21-85:9), an assertion supported by a pre-campaign email from Moeser (dkt. #77-2).  Defendants suggest this helps explain why Jambois received O'Connell's traffic cases, as they did not involve child victims.  They also argue that some of the alleged issues between Jambois and the Victim Witness Unit, which were discussed with him, related to his handling of child victims.  Defendants similarly point to contemporaneous emails showing their concern with plaintiff's interactions with the police.  Conceding that some of these performance concerns were not raised with the plaintiff, defendants maintain that they nevertheless impacted their decisionmaking and are, therefore, relevant to assessing the conduct at issue.

Generally, defendants appear to have the better of this argument.  While such testimony may be damaging to plaintiff's case, it adds additional context when assessing defendants' motivations.  Even if these issues were not raised contemporaneously, which appears to be disputed, or raised with plaintiff, that only bears on the credibility and weight

2

of the evidence, which is for the parties to argue and the jury to assess. The lone exception *may* be child victims, which depending upon the nature of the concerns and the arguable relevance may be outweighed by possible prejudice. Still, although a particularly sensitive issue, it is undeniable that the treatment of victims, especially children, is an important part of any prosecutor's skill set and judgment. Therefore, an assessment of how plaintiff performed in that role would appear admissible unless unduly prejudicial. Accordingly, the court will deny this motion in substantial part and reserve pending a proffer of the evidence defendants intend to offer regarding plaintiff's treatment of child victims.

**B. References to the possibility that the court might order payment of plaintiff's attorney's fees and costs**

As defendant does not dispute this motion, it will be granted.

**C. Argumentation that taxpayers would have to pay any damages awarded or that an award in plaintiff's favor could cause a tax increase**

As defendant does not dispute this motion, it will also be granted.

## II. Defendants' Motions in Limine (dkt. #137)

### A. Opinion testimony of Michael Graveley

Defendants maintain that the testimony of Michael Graveley, the current Kenosha County District Attorney, should be excluded, arguing that by passing judgment on defendants' actions, or even plaintiff's effectiveness as a former Kenosha County District Attorney, his testimony would improperly take on that of inadmissible expert opinion or irrelevant and prejudicial character evidence.

In response, plaintiff argues that Graveley should be permitted to recount a phone call with defendant Moeser, in which he believed that Moeser was searching for pretextual reasons to retaliate against Jambois for participating in the Jensen case. Plaintiff argues this testimony is admissible to establish suspicious timing and, therefore, an inference of retaliation. Plaintiff also argues that Graveley's opinion about the propriety of the alleged retaliatory discipline at issue is appropriate lay perception given his role as a district attorney.

While Graveley may testify about the substance of his phone call with Moeser, as it may bear on whether defendants were gathering pretextual justifications to discipline plaintiff, he may not offer an opinion about *why* that call was made, including his perceptions or any other opinion testimony relating to allegations of retaliatory discipline unless Graveley was timely disclosed as an expert witness on that subject. Indeed, plaintiff's theory for why Graveley's opinion is appropriate bears a remarkable similarity to the justifications offered by the parties for the admissibility of their expert witnesses on the conduct of prosecutor's offices.

**B. Evidence of Dane County judiciary's opinions about the Dane County District Attorney's Office and defendants**

Defendants seek the exclusion of testimony about a reported dysfunctional relationship between the judiciary and Dane County District Attorney's Office, which plaintiff claims helped motivate his candidacy. More specifically, defendant seek exclusion of testimony by Shelly Rusch about comments made by Dane County judges as inadmissible hearsay. This is surely correct and requires no further discussion. Defendants

4

also argue for the exclusion of direct testimony by two Dane County Circuit Court Judges under Rule 401, because it has no relevance to defendants' alleged retaliation *after* the election, and under Rule 403, because its real purpose is merely to cast Ozanne as a bad administrator in order to prejudice the jury.

In response, plaintiff argues the judges' testimony helps to prove that his speech addressed a matter of public concern and that retaliation occurred because he revealed a festering issue in the office. He also claims the importance of his campaign speech bears on the need for punitive damages, reasoning that suppression of important speech deserves greater sanction. Finally, plaintiff argues that testimony by state court judges will not wield too much influence, as Ozanne also occupies a distinguished office.

None of these arguments are availing, and this testimony will also be excluded. Jambois may certainly testify about (1) why he chose to seek office and (2) what he said on the campaign trail, but the subjective opinions held by two members of the state judiciary on this subject has no bearing on whether plaintiff's speech concerned a public issue, nor what sanctions are needed to protect such speech, if any. While plaintiff may argue that his *words* on the campaign trail prompted retaliation by his superiors, the issue is not whether he raised legitimate concerns in seeking office, but rather whether he faced retaliation for doing so.

C. **Testimony of Shelly Rusch**

Defendants next argue that former Dane County ADA Shelly Rusch should be limited to testimony about matters before her departure from that office, which took place before the alleged retaliatory conduct at issue. Specifically, defendants maintain that any

5

testimony Rusch could offer on retaliation are outside her personal knowledge as required by Rule 602 and would be unreliable, lay witness opinion under Rule 701. Indeed, defendants stress that (1) the tenure of Rusch and Jambois only overlapped by nine days and (2) her knowledge of the disputed events came from Jambois. Defendants further argue that any testimony about her tenure at the office should be barred as irrelevant and outdated. For instance, she ought not to be allowed to testify about the serious felony unit, which did not yet exist during her tenure, nor about the quality of Ozanne's leadership as DA, which is not a legitimate issue in this lawsuit. Defendants similarly argue for exclusion of Rusch's testimony about working with Jambois in Kenosha County from the late 1980s to 2005, as it is inadmissible character evidence and both prejudicial and confusing. Finally, defendants ask that Rusch be barred from testifying that she was not assigned to be a special prosecutor after her departure, because she had supported Jambois in the election, at least according to an interpretation of a conversation with Roy Korte.

Plaintiff argues that this last issue bears on the question of retaliation because Rusch's alleged exclusion as a special prosecutor reveals a general animosity towards all who supported Jambois in the election, which is probative on the question of whether plaintiff faced similar retaliation. Plaintiff next argues that Rush's testimony about plaintiff's qualities as a prosecutor is material, because it goes to the believability of defendants' allegations to the contrary. Rusch's perceptions in this regard were not contemporaneous with the period where the alleged misconduct occurred. Defendants also argue that Rusch's testimony lacks significant probative value and would invite mini-trials about the supposed laudatory conduct of plaintiff even before the disputed events took

place.

This court agrees that Rusch does not appear to have first-hand knowledge to testify based on her personal knowledge about office practices after her departure. In particular, her testimony that Jambois was an effective prosecutor before 1995 has little bearing on his performance two decades later. Such character evidence would invite a dispute about plaintiff's entire career body of work, which would be irrelevant, prejudicial, and a waste time under Rule 403. Without addressing whether Rusch's proposed testimony about denial of a special prosecutor role is hearsay, its connection to the question of retaliation is too attenuated to justify the potential prejudicial effect.

**D. Testimony of Roy Korte about other alleged retaliatory acts**

For the reasons just discussed in the analysis immediately above, this motion will be granted.

**E. Testimony of Shaun O'Connell**

Defendants next move to exclude Shaun O'Connell from testifying about matters beyond his personal knowledge. While conceding that O'Connell may generally discuss what he observed while working at the Dane County District Attorney's Office, conversations with defendants, his workload, and departure from the office, defendants specifically argue that he should be barred from testifying about his opinion that retaliation occurred or that Jambois was not wanted in the office after the election. They argue that O'Connell should not be permitted to state his belief that Jambois was asked to resign, as he was not present for the alleged conversation. First, defendants argue these opinions

7

would have been formed on the basis of hearsay since he lacks direct knowledge of why Karst re-assigned his cases to Jambois or if Jambois was asked to resign. Second, they argue that the opinions are speculative.

In opposing this motion, plaintiff argues that O'Connell's opinions were informed by observations he made while working at the office -- even if some of the information was second-hand -- and that he is well-qualified to opine about the burdensomeness of the cases that were re-assigned to Jambois. As for his beliefs that Jambois was subjected to retaliation and asked to resign, plaintiff argues both are permissible lay testimony because they are based on first-hand observations of other events during his time in the office.

The court will grant defendants motion. O'Connell may not testify about matters beyond his personal knowledge, including any ultimate conclusions that Jambois was retaliated against, was not wanted or was asked to resign. Such testimony would be speculative, constitute hearsay, violate the requirements for advance disclosure of expert opinion, and invade the province of the jury. At the same time, O'Connell may testify about how burdensome his cases that were re-assigned to Jambois if within his personal knowledge, as well as other matters he saw or heard defendants do. If *either* side has remaining concerns as to where the line is drawn between O'Connell's admissible lay and inadmissible expert testimony, they should make a proffer at the final pretrial conference, rather than risk admonition before the jury.

**F. Testimony of Tom Fallon about conduct after his employment at the Dane County District Attorney's Office, expert opinions, and opinion on motive**

As plaintiff does not reference this motion in his opposition, it is assumed to be

undisputed and will be granted.

## G. Testimony of Angela Gabriele

Defendants move to exclude the testimony of Angela Gabriele, who worked with Jambois during his involvement in the Jensen re-trial, because she has no first-hand knowledge of how the Dane County District Attorney's Office operates or of plaintiff's interactions with defendants.

While plaintiff does not appear to contest defendants' analysis, he argues that Gabriele can confirm details of Jambois's involvement in the re-trial of the Jensen case during his employment with Dane County, such as that he did not travel during work hours to participate in it. Defendants preemptively object that this category of testimony was not included in plaintiff's Rule 26(a)(1) disclosures, which were limited to matters involving the Dane County office of which Gabriele lacks personal knowledge.

The court is inclined to agree that this testimony would lack relevance unless strictly limited to Gabriele's personal knowledge of Jambois's work on the Jensen case while he was employed by Dane County. In particular, defendants have a credible argument that they did not depose Gabriele given the limited nature of the disclosure. The testimony is also of questionable relevance, as the question is whether defendants possessed suspicions about plaintiff's behavior that were not motivated by retaliatory animus, even if such suspicions were not correct. Nevertheless, the court will reserve judgment and allow plaintiff to make a proffer at the final pretrial conference.

**H. Sequestering non-party, non-expert witnesses**

As plaintiff does not oppose this motion, it is assumed to be undisputed and will be granted.

**I. Documents not produced in discovery**

As plaintiff does not oppose this motion, it is assumed to be undisputed and will be granted as to both sides in this case, except to the extent it pertains to documents not requested in discovery that are used purely for purposes of impeachment or refreshing recollection.

**J. Plaintiff's expert changing opinions or offering new opinions**

As plaintiff does not oppose this motion, it is assumed to be undisputed and will be granted.

**K. Compliance with the August 31, 2017, protective order**

As plaintiff does not oppose this motion, it is assumed to be undisputed and will be granted.

**L. References to fact that defendants are covered by an insurance policy or any other form of indemnification agreement**

As plaintiff does not oppose this motion, it is assumed to be undisputed and will be granted.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions in limine (dkt. #129) are GRANTED IN PART and DENIED IN PART as follows:

   a) plaintiff's motion in limine # 1 to exclude references to plaintiff's alleged performance deficiencies not addressed in the performance review, letter of expectations, notice of investigatory review, or investigatory review is DENIED IN SUBSTANTIAL PART and RESERVED pending defendants' proffer of the evidence regarding plaintiff's treatment of child victims;

   b) plaintiff's motion in limine # 2 to exclude references to the possibility that the court might order payment of plaintiff's attorney's fees and costs is GRANTED;

   c) plaintiff's motion in limine # 3 to exclude argumentation that taxpayers would have to pay any damages awarded or that an award in plaintiff's favor could cause a tax increase is GRANTED.

2) Defendants' motions in limine (dkt. #137) are GRANTED IN PART and DENIED IN PART as follows:

   d) defendants' motion in limine # 1 to exclude opinion testimony of Michael Graveley is GRANTED IN PART and DENIED IN PART. Graveley will be permitted only to testimony about his phone call with defendant Moeser;

   e) defendants' motion in limine # 2 to exclude evidence of Dane County judiciary's opinions about the Dane County District Attorney's Office and defendants is GRANTED with the caveat that Jambois may testify about why he ran for office and what he said during the campaign;

   f) defendants' motion in limine # 3 to exclude testimony of Shelly Rusch is GRANTED;

   g) defendants' motion in limine # 4 to exclude testimony of Roy Korte about other alleged retaliatory acts is GRANTED;

   h) defendants' motion in limine # 5 to exclude testimony of Shaun O'Connell is GRANTED IN SUSTANTIAL PART and DENIED IN PART, as he may testify about his personal observations in the Dane County District Attorney's Office and the level of burden that his reassigned cases represented, if within his personal knowledge, but he may not offer his opinion that Jambois faced retaliation or his belief that Jambois was asked to resign;

i) defendants' motion in limine # 6 to exclude testimony of Tom Fallon about conduct after his employment at the Dane County District Attorney's Office, expert opinions, and opinion on motive is GRANTED;

j) defendants' motion in limine # 7 to exclude testimony of Angela Gabriele is RESERVED;

k) defendants' motion in limine # 8 concerning the sequestering of non-party, non-expert witnesses is GRANTED;

l) defendants' motion in limine # 9 to exclude documents not produced in discovery is GRANTED IN SUBSTANTIAL PART and DENIED IN PART to the extent it pertains to documents not requested in discovery that are used purely for purposes of impeachment or refreshing recollection;

m) defendants' motion in limine # 10 to prevent plaintiff's expert from changing opinions or offering new opinions is GRANTED;

n) defendants' motion in limine # 11 concerning compliance with the August 31, 2017, protective order is GRANTED;

o) defendants' motion in limine # 12 to exclude references to the fact that defendants are covered by an insurance policy or any other form of indemnification agreement is GRANTED.

Entered this 11th day of September, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge